FILMORE PARC APARTMENTS II

VERSUS

NORMAN WHITE, CHIEF FINANCIAL OFFICER AND DIRECTOR OF FINANCE, CITY OF NEW ORLEANS; ERROLL WILLIAMS, ASSESSOR, ORLEANS PARISH; AND THE CHAIRMAN, LOUISIANA TAX COMMISSION

\* NO. 2024-CA-0475

\* COURT OF APPEAL

\* FOURTH CIRCUIT

\* STATE OF LOUISIANA

\*

\*

\* \* \* \* \* \* \*

CONSOLIDATED WITH:

MFLC PARTNERS, A LOUISIANA PARTNERSHIP IN COMENDAM

VERSUS

NORMAN WHITE, CHIEF FINANCIAL OFFICER AND DIRECTOR OF FINANCE, CITY OF NEW ORLEANS; ERROLL WILLIAMS, ASSESSOR, ORLEANS PARISH; AND THE CHAIRMAN, LOUISIANA TAX COMMISSION

CONSOLIDATED WITH:

NO. 2024-CA-0476

**DYSART, J., DISSENTS WITH REASONS**

I respectfully dissent and provide the following reasons why I believe Filmore should have been granted relief from the *Ad Valorem* taxes imposed by Orleans Parish Assessor Erroll Williams.

The Board of Tax Appeals applied the wrong standard to determine whether Filmore qualified for the constitutional exemption disregarding the long-standing precedent set forth in *Adm'rs of Tulane Educ. Fund v. Bd. of Assessors*, 38 La.Ann. 292 (1886); *Warren County, Mississippi v. Hester*, 219 La. 763, 54 So.2d 12, 14 (1951); *Holly v. Plum Creek Timber Co.*, 38,716, p. 8 (La. App. 2 Cir. 6/23/04), 877 So.2d 284, 290; and *Abundance Square Assocs., L.P. v. Williams*, 2010-0324, p. 5 (La. App. 4 Cir. 3/23/11), 62 So.3d 261, 264. Here, the Board held that Filmore was "not restricted to operating as extensions of public entities" and that the exemption claim was "inextricably intertwined" with "private contracts." My

reading of *Tulane* and those cases that followed does not find any such language or holding and, as such, it appears the finding of the Board was of its own creation and a wholesale deviation from the established standard that a purely private entity can qualify for the constitutional exemption if the property and revenue are dedicated to a public purpose.

Aside from applying the wrong standard, the Board failed in recognizing the public purpose demonstrated by Filmore but instead focused its ruling on Filmore's private ownership. Providing affordable housing for low-income families has long been recognized as a public purpose. *See Porterie v. Housing Authority of New Orleans*, 190 La. 710, 182 So. 725 (1938). In the last election held in the City of New Orleans an amendment to the city charter was voted upon to set aside 1% of the City's budget to spend on affordable housing. What more noble and deserving public purpose is there than that of providing affordable housing to low-income families. Here the facts clearly establish that Filmore solely and exclusively has provided the public service of affordable housing since 1995 when the property was acquired by Mirabeau Family Learning Center, Inc., a nonprofit corporation, from the Resolution Trust Corporation for the purpose of constructing housing units providing affordable housing to low-income families. The property was acquired with the inclusion of a "Land Use Restriction Agreement" which dedicated the property for use solely as low-income housing. Had the property been used for any other purpose the owner would forfeit the property. In fact, the property was treated as exempt from 1995 through 2014 when the Assessor began treating the property as taxable. There was no change in ownership during this period of time, nor change in purpose for affordable housing. It is also persuasive that though the properties were destroyed by Hurricane Katrina, instead of taking the insurance proceeds and folding their tent, the Filmore owners rebuilt the units

to continue the mission, then more acute than ever, of providing affordable housing to low-income families.

The properties consist of two complexes with Filmore I having a total of 164 units, comprising two categories of tenants. 103 of the units are "project based voucher" ("PBV") units which are dedicated solely to tenants that are referred by HANO and on the terms dictated by HANO. The remaining 61 units, referred to as "tax credit" units are available for Filmore to rent to qualified low income tenants with appropriate "Section 8" vouchers. Filmore only appealed the exemption denied for the 103 PBV units.

In my opinion, through the use of private equity and funding from governmental programs, Filmore fulfills the most needed public purpose of providing affordable housing to low income families through the use of a much desired and necessary public/private partnership. Accordingly, I would reverse the Board's judgment and grant the relief sought by Filmore.